# AMENDMENT TO HABEAS CORPUS

## PROOF OF ALLEGATION

2005 AUG -1 A 9:10

See EXHIBIT "A" Attached
Page 6 of trial transcript lines 17, 18
Assistant District Attorney David Vickers stated.
reffering to McMillon " and he was the main player
that the Alabama Bureau of Investigation used"

See EXHIBIT "B" McMillon statement to A.B.I.
Agent Mike Boan Page 1 and 2 where underlined
"We bought a motor from young Johnny Wade in
Montgomery.
So we talked to John Wade about the job."

See EXHIBIT "C" Page 199 of trial transcript lines
10, 11, 12 and 13

Nissen Q "Mr McMillon you have stated in this statement,
that you state is true, that we bought the motor.
There is a reciept for the motor, The motor was
purchased July 11, 1988 at that time were you
not in the South Carolina jail in Columbia South
Carolina.

McMillon A. I could well have been.



SCANNED
8/2/05

See EXHIBIT D attached
Booking Report from Lexington S.C. Sheriffs Office.

James Ollie McMillon was in jail from July 02-88 until 7-18-88 under a $100,000 bond for consparicy to Troffic cocain and marijuana.

McMillon's statement was the reason that Montgomery Co took jurisdiction of the case was the basis for Petitioners arrest and all based on a lie of which A.B.I. agent Mike Boan knew or should have known (see EXHIBIT 'B') at bottom of first page No. 17 Square ACIC/NCIC check the yes is checked so when Boan checked McMillon's record he had to see that he was in jail in South Carolina when he said he and Petitioner met and planned a crime. McMillon could not be in two places at once and he was not in Montgomery Co Ala. on July 11, 1988

Petitioner prays that this honorable Court will give Petitioner an early hearing.