The Eleventh Circuit has recently held that when a petition for habeas corpus relief is filed prior to the enactment of the AEDPA, an appeal from a final judgment rendered after the effective date of the AEDPA is governed by pre-AEDPA rules, or the certificate of probable cause standard. <u>Hardwick v. Singletary</u>, No. 97-2319, __ F.3d __, 1997 WL 555715 (11th Cir. Sept. 4, 1997) (citing <u>Lindh v. Murphy</u>, __ U.S. __, 117 S. Ct. 2059 (1997)). Because Nissen filed his petition for a writ of habeas corpus on March 22, 1993, over three years prior to the enactment of the AEDPA, Nissen's request to appeal the denial of his petition for a writ of habeas corpus must therefore be considered under the certificate of probable cause standard.

The Supreme Court has stated that this standard "'in requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court <u>could</u> resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further." <u>Barefoot v. Estelle</u>, 463 U.S. at 893 n.4, 103 S. Ct. at 3394 n.4 (quoting <u>Gordon v. Willis</u>, 516 F. Supp. 911, 913 (N.D. Ga. 1980)).

The court finds that Nissen has made a substantial showing of the denial of a federal right with regard to the issues of multiplicity, fundamental miscarriage of justice, perjured

2