IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD JAMES NISSEN, #116562, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-705-F |
| | ) |
| ARNOLD HOLT, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Donald James Nissen ["Nissen"], a state inmate, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief on July 27, 2005.[1] In this petition, Nissen challenges convictions for conspiracy to commit robbery in the first degree, conspiracy to commit burglary in the first degree, conspiracy to commit kidnaping in the first degree and conspiracy to commit extortion in the first degree entered against him by the Circuit Court of Montgomery County, Alabama in 1989.[2] The trial court sentenced Nissen as a habitual offender to four consecutive sentences of life imprisonment for these convictions.

---

[1] Although the Clerk stamped the financial affidavit and habeas petition "filed" on August 1, 2005, it is apparent that Nissen delivered these pleadings to prison authorities for mailing prior to this date. A review of the pleadings submitted herein indicates that Nissen had the *in forma pauperis* affidavit and the habeas petition within his possession on July 27, 2002 and therefore could not have delivered these documents to prison personnel for maling to this court prior to this date. In light of the pleadings filed herein and with no other evidence to the contrary, the court concludes that July 27, 2005 should be considered the date of filing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11 Cir. 1993).

[2] Specifically, the petitioner argues that James McMillon (a.k.a., James McMillan), the prosecution's main witness, committed perjury during his trial. *See Petition for Writ of Habeas Corpus Relief* at 5-6.

**DISCUSSION**

A review of this court's records reveals that Nissen filed two previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1989 convictions. *See Nissen v. Jones, et al.*, Civil Action No. 93-T-351-N (M.D. Ala. 1997); *Nissen v. Hooks, et al.*, Civil Action No. 02-T-475-N (M.D. Ala. 2002). In the initial habeas action, this court decided the claims raised in the petition, including a perjury claim involving James McMillan, adversely to the petitioner. The Eleventh Circuit Court of Appeals affirmed the denial of Nissen's 1993 petition. *See Nissen v. Jones*, 149 F.3d 1195(11th Cir. 1998) (table decision). With respect to the second application for habeas corpus relief, this court summarily dismissed the petition in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Nissen had not obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.

Nothing has changed since Nissen's last habeas application, and the statute 28 U.S.C. § 2244(b)(3)(A) still requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the

application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by Nissen that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Nissen's third] habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a [third] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Donald James Nissen on July 27, 2005 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as the petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[3]

---

[3] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Nissen] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

It is further

ORDERED that on or before August 17, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of August, 2005.

       /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE